## DANIEL C. THORNE v. GEORGE W. BOWERS.

WHERE ONE AGREES WITH ANOTHER TO TAKE A CERTAIN SUM FOR HIS PROPERTY, and the latter then sells it for double that amount, and the former conveys directly to the purchaser, the one so conveying can not recover from the party with whom he made the agreement the excess over the agreed price, where there is no evidence of fraud, or that he was acting as agent in the transaction.

APPEAL from the district court of the third judicial district, Yavapai county. The opinion states the case.

*John A. Rush and H. H. Cartter*, for the appellant.

*Hargrave and McDaniel*, for the respondent.

By Court, DUNNE, C. J.:

Action begun by Thorne to recover six hundred and sixty-six dollars and sixty-six cents from Bowers. Thorne alleged that Bowers had received this sum in the sale of some mining ground in such a way that it was properly due and owing to Thorne, and had not been paid to him. Defendant denied. On the trial plaintiff gave in evidence that he and one Hogle and one Cassidy owned a mining claim together, of two hundred feet in length, on a certain quartz lode, each owning a one-third interest; that defendant Bowers and several other parties owned the adjoining claim of two hundred feet on said lode; that on a certain occasion Bowers said to plaintiff that a certain person would buy these claims, if he could get all the interests, that is, the whole two hundred feet in each claim, or four hundred feet in all, and that this person was willing to give ten dollars a foot for it, and asked plaintiff if he would take that sum; that plaintiff said he would, and ultimately joined all the other parties in a deed for the whole of said four hundred feet, and received for his interest ten dollars a foot; that he did not notice the consideration in the deed at the time

of signing it, but afterwards learned that it was four thousand dollars, which would have been an average of twenty dollars a foot, and that he subsequently learned that some of the other vendors got twenty dollars a foot; that he charged Bowers with having negotiated the sale, and having received from the purchaser twenty dollars a foot for his, plaintiff's, interest, and that he therefore had six hundred and sixty-six dollars and sixty-six cents, which properly belonged to plaintiff; that Bowers neither admitted nor denied having received twenty dollars a foot for plaintiff's ground, but said in reply to the demand for the money, "How are you going to get it?" When plaintiff closed his evidence, the court below granted a nonsuit against him, on the ground he had made no case. Plaintiff appealed.

We think the nonsuit was properly granted. It is true the evidence, though not showing the fact, might be considered as *tending* to show that Bowers received twenty dollars a foot for plaintiff's ground, but we do not think there is anything in the evidence which tends to show that if he had received *such money it was any fraud on the plaintiff.* There is nothing tending to show that Bowers acted as agent for plaintiff; or was under any obligation to pay the extra ten dollars a foot to plaintiff, even if he had received *it* from the purchaser.

Judgment affirmed, with costs.